IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl Chellis, : 
             Petitioner : 
          : 
      v. : 
          : 
Delaware Valley Charter High : 
School (Workers' Compensation : 
Appeal Board), :   No. 724 C.D. 2022
             Respondent :   Submitted:  March 3, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  September 6, 2023

Cheryl Chellis (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) June 14, 2022 order affirming the WC Judge's (WCJ) decision that denied Claimant's Petition for Penalties (Penalty Petition), Petition to Reinstate WC Benefits (Reinstatement Petition), Petition to Review WC Benefits (Review Petition), and Petition to Review WC Benefit Offset Petition (Review Offset Petition).  Claimant presents two issues for this Court's review: (1) whether Delaware Valley Charter High School (Employer) can take a subrogation credit when it did not sign the third-party settlement agreement (TPSA), or file it with the WC Bureau (Bureau);[1] and (2) when the TPSA provides that the subrogation amount is fixed, whether Employer can

_____

[1] Although Claimant refers to *the employer* in her statement of issues, Claimant refers to the employer's WC carrier in her argument.

continue to take a future credit after that amount is paid. After review, this Court affirms.

On April 20, 2015, Claimant sustained a left shoulder sprain and strain when a car rear-ended a bus she was driving for Employer. On May 1, 2015, Employer issued a Notice of Temporary Compensation Payable (NTCP). The NTCP subsequently converted to a Notice of Compensation Payable.[2] Thereafter, Claimant settled her third-party claim. On June 22, 2018, Claimant signed the TPSA, which set forth Claimant's $370,000.00 recovery from the third-party's insurance carrier for her injuries. *See* Reproduced Record (R.R.) at 61a.[3] The TPSA provided for Employer's WC carrier's recovery of the WC lien paid to date, and for a reduction of 40.5% of Claimant's WC benefits to account for the ongoing credit. *See id.*

Attached to the TPSA was a Statement of Distribution (Distribution Statement), which Claimant also signed. *See* R.R. at 62a. The Statement of Distribution provided that the recovery expenses were $115,997.35 (contingent fee of $114,127.41 plus costs of $1,869.94), and that Claimant received $114,127.41 in two distributions. *See* R.R. at 62a. Before the WCJ, the parties stipulated that the attorney who represented Claimant in the third-party case prepared the Distribution Statement and sent the Distribution Statement with the TPSA and a check to Employer's WC carrier before either WC counsel was involved in the case. *See* WCJ Dec. at 4, Finding of Fact 5.

---

[2] On February 26, 2020, the WCJ denied Claimant's petition for review to add additional injuries, granted Employer's petition to terminate WC benefits as of July 24, 2018, and granted Employer's petition for utilization review. Claimant appealed to the Board, and on January 27, 2021, the Board affirmed the WCJ's decision.

[3] Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a[.]" Pa.R.A.P. 2173. Claimant did not include the small a in numbering the pages of her reproduced record. Nevertheless, this Court's references to specific pages in the Reproduced Record shall be followed by an a.

On August 16, 2019, Claimant filed the Penalty Petition, therein alleging that Employer violated the WC Act (Act)[4] by failing to pay the full amount of her medical bills. Claimant concurrently filed the Review, Reinstatement, and Review Offset Petitions related to alleged mistakes in the TPSA concerning Employer's subrogation lien. The WCJ held hearings on September 23, October 30, and November 27, 2019, February 24, April 20, and October 28, 2020, and February 1 and June 2, 2021. On October 14, 2021, the WCJ denied Claimant's Penalty, Review, Reinstatement, and Review Offset Petitions. Claimant appealed to the Board. On June 14, 2022, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[5]

Claimant first argues that a lien that is neither perfected nor agreed to is not enforceable. Specifically, Claimant contends that the TPSA is invalid because Employer's WC carrier did not sign it or file it with the Bureau. Employer rejoins that the fact that the TPSA was not signed by Employer or its WC carrier or filed with the Bureau was inconsequential. Employer maintains that Claimant's counsel prepared the TPSA and transmitted the TPSA to its WC carrier, and its WC carrier has complied with the TPSA. Employer further asserts that the TPSA memorialized its WC carrier's absolute subrogation rights and established the WC carrier's reimbursement for WC benefits paid to date, as well as the ongoing credit against Claimant's WC benefits to which Employer's WC carrier was entitled in accordance with the Act.

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[5] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed[,] or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

Section 319 of the Act provides, in relevant part:

**Where the compensable injury is caused in whole or in part by the act or omission of a third party**, **the employer shall be subrogated to the right of the employe**, his personal representative, his estate or his dependents, **against such third party to the extent of the compensation payable under [the Act] by the employer**; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

**Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were *not* compensable under [the Act]** in the event of an agreement or award for that injury the **employer or insurance company who made the payments shall be subrogated out of the agreement or award** to the amount so paid, **if the right to subrogation is agreed to by the parties or is established at the time of hearing before the [WCJ] or the [B]oard**.

77 P.S. § 671 (italic and bold emphasis added).

In the instant case, the parties offered the TPSA as a joint exhibit (JT-1) and the WCJ admitted it into evidence. *See* Notes of Testimony, April 20, 2020;

4

Certified Record at 108.[6]  According to the TPSA, the "[t]otal amount of third-party recovery [was] $370,000.00[,]" and the "[a]ccrued [WC] lien [was] $230,124.76[.]"[7] R.R. at 61a.  Importantly, Claimant signed the TPSA.  *See id.*

Section 319 of the Act, entitled "Subrogation of employer to rights of employe; against third persons; subrogation of employer or insurer to amount paid prior to award," 77 P.S. § 671, does not require an employer to sign or file a TPSA with the Bureau to be entitled to subrogation.  Indeed, the only time the parties' agreement or establishment of subrogation before a WCJ or the Board is required is when "an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were *not* compensable under the Act."  77 P.S. § 671 (emphasis added).

Here, Claimant's counsel prepared the TPSA and transmitted it to Employer's WC carrier with a check.  The TPSA memorialized Employer's WC carrier's absolute subrogation rights and established the WC carrier's reimbursement for WC benefits paid to date as well as the ongoing credit against Claimant's WC benefits to which Employer's WC carrier was entitled in accordance with the Act. Employer's WC carrier complied with the TPSA.  Accordingly, the TPSA is valid.

Claimant next argues that because the TPSA stated a fixed subrogation amount, Employer could not continue to take a future credit after that amount was paid.  Employer responds that its WC carrier's indemnity payment log indicates that it received reimbursement pursuant to the TPSA for the WC benefits paid to date, and Claimant's WC benefits were reduced to $174.96 for the ongoing credit

---

[6] Because the pages of the Certified Record are not numbered, this Court refers to electronic pagination for page numbering herein.

[7] The net amount of the WC lien that Employer received was "$137,265.31[.]"  R.R. at 61a.

5

(beginning on or about July 3, 2018), and continued until Claimant's WC benefits were terminated.

Claimant asserts that, because, according to the TPSA, the net lien was $137,265.31,[8] and the total lien was $139,875.24, that Employer was only entitled to $2,609.93 to exhaust its WC lien.  However, a review of the TPSA reveals that the total "[a]ccrued [WC] lien" was "$230,124.76[,]" and the expenses attributable to the lien totaled "$93,204.15[.]"  R.R. at 61a.  The TPSA directed:

> FUTURE DISTRIBUTION OF PROCEEDS – Complete this section to calculate how much the employer must reimburse the employee for expenses used to acquire the third[-]party recovery on future compensation liability. **Note: This section is to be completed only if the total amount of the third[-]party recovery ([$370,000.00]) is greater than the amount of the accrued [WC] lien ([$230,124.76]).**

*Id.* (emphasis in original).  The TPSA further instructed that Employer/Insurer was responsible for 40.5% of any future weekly benefit until the subrogation interest was exhausted, i.e., the total third-party recovery minus the accrued WC lien, "$139,875.24."  R.R. at 61a.  According to the indemnity payment log - "Claim Transaction Detail Report" - Employer paid "40.5[%] of 2 weeks TTD per[iod] [$]349.92"[9] from "7/13/18" through "10/8/18[.]"  R.R. at 43a.  Accordingly,

---

[8] That figure should be $136,920.61.  The WCJ concluded:

> [I]t appears that due to a mathematical error in the [TPSA] Employer was reimbursed $344.70 more than its lien, I conclude that Claimant has failed to meet her burden of proving that this constitutes a violation of the Act, inasmuch as it appears that the mathematical error in question was committed by her own attorney (the attorney who represented her in the third party case) rather than by Employer or [its WC Carrier].

WCJ Dec. at 5.

[9] Claimant's WC benefits were reduced to $174.96 for the ongoing credit, however, because she was paid every two weeks the temporary total disability amount totaled $349.92.

Employer's deductions did not exceed "$139,875.24" - the amount specified in the TPSA. R.R. at 61a.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl Chellis,                          :
                             Petitioner               :
                                              :
          v.                               :
                                              :
Delaware Valley Charter High             :
School (Workers' Compensation            :
Appeal Board),                           :    No. 724 C.D. 2022
                    Respondent              :

## O R D E R

AND NOW, this 6th day of September, 2023, the Workers' Compensation Appeal Board's June 14, 2022 order is affirmed.

_____

ANNE E. COVEY, Judge